## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILLIAM R. SATTERFIELD** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. CIV-07-772-HE** |
| | ) | |
| **JOSEPH SCIBANA, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution (FCI) in El Reno, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the petition be summarily dismissed upon filing.[1]

Background

Petitioner was convicted in the United States District Court for the Northern District of Oklahoma, Case No. 04-CR-123-001-C, pursuant to a plea of guilty entered on June 4, 2004, to two counts of odometer tampering, in violation of 49 U.S.C. § 32702(2) and one count of conspiracy, in violation of 18 U.S.C. § 371. Petition at 2, 17. At sentencing, the district court imposed a sentence of 50 months of imprisonment and a

---

[1]Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

term of 3 years of supervised release on Count One and two sentences of 36 months of imprisonment on Counts Two and Three with one year of supervised release on each of these counts. These sentences were ordered to be served concurrently with one another. Petition at 2. Petitioner states that the district court also imposed restitution in the amount of $1,337,000.00, a fine of $7,500.00 and a special assessment of $300.00. *Id.* Petitioner's plea agreement included a waiver of his right to appeal, including his right to collaterally attack his convictions and sentences. *See United States v. Satterfield*, No. 05-5174, 2007 WL 603050, at *1 (10th Cir. Feb. 28, 2007) (unpublished decision); *see also* Petition at 2. Petitioner did not file a direct appeal. Petition at 2. On June 29, 2005, Petitioner filed a motion in the Northern District of Oklahoma to vacate, correct or set aside his sentences pursuant to 28 U.S.C. § 2255, which was denied. *Id.* The Tenth Circuit of Appeals affirmed and dismissed his appeal on February 28, 2007. *Id. See United States v. Satterfield*, No. 05-5174, 2007 WL 603050 (10th Cir. Feb. 28, 2007) (unpublished decision).[2]

In his petition, Petitioner sets forth at length allegations concerning the "business activities" which resulted in the federal offenses for which he was convicted—odometer tampering and conspiracy. Petition at 3–5. Although Petitioner acknowledges that he entered a plea of guilty to the federal charges, he seeks habeas relief pursuant to § 2241

---

[2]According to the Tenth Circuit, Petitioner raised the following issues in his § 2255 motion: (1) the waiver of appeal rights signed in connection with his plea agreement was not entered into knowingly or voluntarily as a result of ineffective assistance of counsel; (2) the district court adopted the pre-sentence report without an adequate factual basis to do so; (3) the restitution order was improper in that it violated the Ex Post Facto Clause of the Federal Constitution; and (4) the restitution amount miscalculated the amount of loss and exceeded the actual value of the vehicles that he altered. *Satterfield*, 2007 WL 603050, at *1.

on the ground that he is "actually, factually, and legally innocent of the unconstitutional sentence which he is currently serving."  Petition at 6.  In a related claim Petitioner alleges that "[t]he Government's evidentiary materials contained exculpatory evidence which gives credence to Petitioner's claim of absolute innocence," specifically, an alleged letter written by Mr. Douglas Stearn, an attorney for the United States Department of Justice, Office of Consumer Litigation, to the Northern District Probation Office.  Petition at 14.  Petitioner also contends that his Fifth and Sixth Amendment rights were violated because he was charged with a crime for which he was entitled an exemption pursuant to certain federal regulations, but his trial counsel failed to pursue this defense.  Petition at 7-10.  As relief, Petitioner seeks immediate release and vacation of the restitution order.  Petition at 20.

According to Petitioner, a petition for a writ of habeas corpus pursuant to § 2241 is appropriate because he "has exhausted all other opportunities for post-conviction relief,[3] and "[h]e does not have any other opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence on the issues he seeks to raise herein."  Petition at 11.

## Discussion

Although Petitioner filed this action as a § 2241 petition for a writ of habeas corpus, the Court must determine whether Petitioner's action arises under § 2241 or § 2255.  A § 2255 petition attacks the legality of a conviction or sentence  and must be filed

---

[3]Petitioner states that some of the claims raised in the instant petition, such as his challenge to the restitution order in his criminal case, could have been raised on direct appeal, but Petitioner waived his right to appeal upon the advice of counsel.  Petition at 11.

in the district that imposed the sentence, while a § 2241 petition attacks the execution

of a sentence and must be filed in the district where the prisoner is confined. *Bradshaw*

*v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). *See also McIntosh v. United States Parole*

*Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C.

§ 2254 and 2255 "are used to collaterally attack the validity of a conviction and

sentence"). A petition under § 2241 "is not an additional, alternative, or supplemental

remedy" to a § 2255 proceeding. *Bradshaw*, 86 F.3d at 166 (citations omitted).

In this case, Petitioner plainly states that he is attempting to "overturn his entire

conviction on the basis of unconstitutional infirmities," and he further seeks to have the

restitution order in his criminal case overturned. Petition at 11-12.[4] Thus, it is clear that

Petitioner has raised claims that directly challenge the validity of his convictions and

sentences–claims that fall squarely within the purview of § 2255. Petitioner can raise

such claims in a § 2241 petition only if he satisfies the requirements of the so-called

"savings clause" in § 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, *or that such court has denied*
> *him relief, unless it also appears that the remedy by motion is inadequate or*
> *ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). This exception is an extremely narrow one. *See*

*Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Examples of when such might

---

[4]Petitioner recognizes that the Tenth Circuit held that the amount of the restitution ordered in his
case could not be challenged by way of his § 2255 motion. Petition at 11. However, Petitioner theorizes
that "[i]t would probably be a reasonable prospect that the restitution order would go away if the conviction
were to be overturned by the current proceedings under Section 2241 . . . ." *Id.*

be the case are when the original sentencing court is abolished, when the sentencing court refuses to consider the § 2255 petition altogether, when the court inordinately delays consideration of the petition, or when no one court could grant complete relief. *Id.* It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective. *Bradshaw*, 86 F.3d at 166 (citing *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)). Nor do the procedural hurdles to filing a second § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) render the remedy unavailable or ineffective. *Caravalho*, 177 F.3d at 1178. *See* 28 U.S.C. §§ 2244(b)(2) and 2244(b)(3).

Petitioner states that he cannot otherwise challenge his "illegal sentence," specifically, the amount of restitution order,[5] because he waived his right to a direct appeal upon the advice of his counsel and he has "exhausted all other opportunities for post-conviction relief." Petition at 11. Petitioner states that he "must rely upon the hope which is afforded to him" pursuant to a § 2241 proceeding and under a claim of "actual innocence." *Id.* at 12 (citing *Herrera v. Collins*, 506 U.S. 390 (1993)).

In an unpublished opinion, the Tenth Circuit Court of Appeals has stated that "recourse to the 2241 remedy [to challenge the validity of a federal conviction] will be

---

[5]Petitioner alleges that the trial court ordered him "to pay restitution in the approximate sum of $1,300,000.00." Petition at 11. According to Petitioner, his "restitution situation" is similar to the facts in *United States v. Hudson*, 483 F.3d 707, 710 (10th Cir. 2007), where the Tenth Circuit held that whether or not the defendant's waiver of appellate rights in his plea agreement would otherwise be enforceable, he could not be deemed to have waived his right to appeal the legality of the court's restitution order, which was not based on actual loss by the company affected by Petitioner's conspiracy to infringe a copyright. Petition at 12.

unavailing unless accompanied by a clear showing of actual innocence." *United States v. Apodaca*, No. 03-8017, 90 Fed.Appx. 300 (10th Cir. Jan. 30, 2004) (unpublished).[6] Even assuming the existence of an actual innocence exception, the focus is not on trial errors "but on whether the petitioner's guilt is substantially in doubt: 'He must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Prevatte v. Gunja*, No. 05-1332, 167 Fed. Appx. 39 (10th Cir. Feb. 13, 2006) (unpublished) (quoting *United States v. Barajas-Diaz*, 313 F.3d 1242 1248 (10th Cir. 2002)) (internal quotation omitted).

Here, Petitioner fails to make a sufficient showing of innocence to proceed under § 2241 as a substitute for § 2255. Petitioner bases his innocence claim on his interpretation of a letter purportedly written by an attorney for the United States Department of Justice, Office of Consumer Litigation, to the probation office in the Northern District of Oklahoma on October 20, 2004, following Petitioner's entry of his plea of guilty and prior to sentencing. Petition at 14.[7] Although Petitioner's allegations are not clear, he alleges that certain statements made in the letter "open[ed] the door for an examination of a defense that was readily available to the Petitioner." *Id.* at 16.[8] However, Petitioner admits that he pled guilty to the charges against him, "made certain

---

[6]This and any other unpublished dispositions cited herein are cited for persuasive authority pursuant to Tenth Circuit Rule 32.1.

[7]Although Petitioner purports to quote from the letter allegedly written by Mr. Douglas W. Stearn, he has not provided a copy to the Court.

[8]Petitioner attempts to challenge the method of the calculating the financial loss resulting from Petitioner's offenses involving a number of vehicles. Petition at 14-15. He further alleges that the letter's alleged references to "late-model" vehicles and "exempt" vehicles would afford a challenge to the statutory interpretation of such terms. Petition at 16-19.

admissions concerning his conduct . . ." and waived his right to file a direct appeal.[9]
Petition at 17.  Petitioner's allegation of actual innocence is further undermined by his
concession that "[i]n retrospect, a direct appeal would have been quite adviseable (sic),
as it was apparently his only avenue for attempt to reduce the onerous burden of
restitution which was assessed against him."  *Id.*

On this record, the undersigned finds that Petitioner has failed to establish actual
innocence of the crimes for which he was convicted. Thus, the undersigned finds that
Petitioner's claims do not fall within the limited circumstances in which the § 2255
remedy would be found inadequate or ineffective.  *See Bousley v. United States*, 523 U.S.
614, 623 (1998) (actual innocence requires showing that, in light of all the evidence, it
is more likely than not that no reasonable juror would have convicted him – a showing
of factual innocence and not mere legal insufficiency).

In sum, Petitioner is attempting to challenge the validity of his conviction and
sentence by a § 2241 action; however, he has failed to demonstrate the inadequacy or
ineffectiveness of the § 2255 remedy, a prerequisite to a § 2241 action.[10]  Further,
Petitioner has not met his burden on his claim of actual innocence and therefore he has

---

[9]In affirming the denial of § 2255 relief, the Tenth Circuit specifically found that the record reflected:

> Mr. Satterfield admitted in his plea agreement that he "knowingly and willfully participated in a conspiracy with other individuals to reset, alter, or disconnect and replace odometers in more than 424 used motor vehicles" most of which "were 'high end' vehicles."

*Satterfield*, 2007 WL 603050, at *1 n.1.

[10]Although Petitioner has previously been denied § 2255 relief, the restrictions on filing a successive § 2255 motion does not render the § 2255 remedy inadequate or ineffective.  *See Caravalho*, 177 F.3d at 1179.

not shown that he is entitled to federal habeas review under 28 U.S.C. § 2241 on the merits of his claims challenging the validity of his convictions.   Therefore, the undersigned finds that the § 2241 petition should be dismissed because it plainly appears from the face of the petition that Petitioner is not entitled to habeas relief pursuant to § 2241 as alleged.   *See Purvis v. Wiley*, No. 06-1117, 2007 WL 196550, at *2-3 (10th Cir. Jan. 26, 2007) (unpublished decision); *Kokoski v. Callahan*, Nos. 05-6377, 06-6045, 2006 WL 2411458 (10th Cir. Aug. 22, 2006) (unpublished decision); *Gibson v. Fleming*, No. 01-6198, 2001 WL 1573669, at *2 (10th Cir. Dec. 11, 2001) (unpublished decision).   Moreover, this Court lacks jurisdiction to consider Petitioner's challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255 because the Northern District of Oklahoma is the proper forum for that claim.   *See* 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1152 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction.").   Accordingly, it is recommended that the petition be dismissed without prejudice.[11]

## RECOMMENDATION

For the reasons set forth above, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice.   It is noted that Petitioner's "Amendment" [Doc. No. 9] has been considered to the extent that Petitioner has corrected a citation for

---

[11]Petitioner alternatively seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1343(a)(4).  Petition at 1.  However, as discussed above, Petitioner fails to show that he has raised a claim "under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331, the general federal question statute.  Nor can his claims be viewed as civil rights claims brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Because Petitioner seeks to void his conviction and be released from prison, his sole avenue for such relief would be statutory habeas relief, *i.e.,* 28 U.S.C. § 2255.

case authority in his petition.  It is further recommended that Petitioner's "Application for Release on Bail" [Doc. No. 8] be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 18th day of October, 2007, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of the Court is instructed to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent.

Entered this 28th of September, 2007.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE