**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |  | |
|---|---|---|---|
| WILLIAM R. SATTERFIELD, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| vs. | ) | NO. CIV-07-772-HE | |
| | ) | | |
| JOSEPH SCIBANA, Warden, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**ORDER**

Petitioner William R. Satterfield, a federal prisoner appearing *pro se*, instituted this action under 28 U.S.C. § 2241, seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has recommended that the petition be summarily dismissed upon filing.

The petitioner pled guilty to two counts of odometer tampering and one count of conspiracy in the United States District Court for the Northern District of Oklahoma. His plea agreement included a waiver of his right to appeal, including his right to collaterally attack his conviction and sentence. While he did not file a direct appeal, the petitioner filed a motion seeking relief pursuant to 28 U.S.C. § 2255. The trial court denied the motion and the Tenth Circuit granted a certificate of appealability on one issue – whether a movant may challenge the restitution portion of his sentence in a § 2255 motion. Concluding he could not, the appellate court affirmed the district court's dismissal of that claim for lack of subject matter jurisdiction. United States v. Satterfield, No. 05-5174, 2007 WL 603050, at *2 (10th Cir. Feb. 28, 2007) (unpublished decision). The petitioner,

who is currently in custody at the Federal Correctional Institution in El Reno, Oklahoma, then filed his § 2241 petition.

In his petition the petitioner asserts that his "rights are being violated by the Bureau of Prisons due to his continued incarceration under the illegal sentence which he is serving." Petition, p. 1. He contends "that he is actually, factually and legally innocent of the unconstitutional sentence which was imposed on him .... and does not have any other opportunity to obtain a reliable judicial determination of the fundamental legality of his convictions and sentence on the issue he seeks to raise herein." *Id.* at pp. 6, 11. The petitioner acknowledges that he could have raised many issues on direct appeal, but claims he was advised by counsel to waive his appellate rights. He states that because he was "not afforded the luxury of a direct appeal to test the validity of his restitution order ... [he] must now seek additional post-conviction remedies to obtain relief." *Id.* at p. 12.

The magistrate judge initially considered whether the petitioner was seeking relief available only under 28 U.S.C. § 2254. A § 2254 petition attacks the validity of a conviction and sentence, while a § 2241 petition challenges the execution of a sentence. The characterization is important because a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition unless the appellate court grants the required authorization. *See* 28 U.S.C. § 2244(b)(3)(A).

After concluding that the petitioner's claims challenge the validity of his convictions and sentences, the magistrate judge then considered whether the petitioner had made the required showing to allow him to proceed under § 2241. She found the

petitioner's claims did not fall within the limited circumstances in which the § 2255 remedy would be found "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255, as the petitioner had not demonstrated his actual innocence.

The petitioner filed an objection to the Report and Recommendation and, later, an amendment to his objections, both of which the court has considered in conjunction with the petition. The petitioner asserts that, contrary to the magistrate judge's statement that he is relying on a letter written by a government attorney to establish his innocence, he bases his innocence claim on "the exception that is granted to him under the regulations of the Department of Transportation." Objection, p. 1. He essentially claims that he could not have been guilty of odometer tampering or conspiracy to tamper because he only sold vehicles which, because of their age, were exempted by 49 C.F.R. §580.17(a)(3) from the odometer regulations.

Reviewing the petitioner's claims de novo, the court concurs with the magistrate judge that the petitioner has not demonstrated the inadequacy or ineffectiveness of the §2255 remedy. The petitioner has not made a sufficient showing of his innocence to allow him to proceed under §2241, as he has not supported his allegation of innocence with <u>any</u> evidence. He merely asserts that the vehicles he sold were all too old to fall within the purview of the odometer regulations.

Accordingly, the court adopts Magistrate Judge Roberts' Report and Recommendation. The petition is dismissed without prejudice. The petitioner's application for release on bail [Doc. #8] and his motion for summary judgment [Doc. #14] are denied, as is his request in his objection for an evidentiary hearing.

**IT IS SO ORDERED**.

Dated this 14th day of November, 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE